# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHARLES WARREN,

     Petitioner,

v.                                                                              No. 25-cv-0360-JMC-KBM

CHIEF COMMISSIONER, *et al*,

     Respondents.

## ORDER DIRECTING CURE AND
## DENYING DISCOVERY MOTIONS

This matter is before the Court on Charles Warren's *pro se* Letter-Petition Regarding Release (Doc. 1) (Letter-Petition). Also before the Court are his Motions for Discovery and Initial Disclosures Under Fed. R. Civ. P. 26 and 34 (Docs. 5, 6) (Discovery Motions). Warren is incarcerated at the Auburn Correctional Facility in Auburn, New York. He opening Letter-Petition references a criminal indictment and seeks an immediate release from prison. *See* Doc. 1. The Letter-Petition does not cite any authority for the requested release or explain why he filed the case in this Court. The Discovery Motions list Warren as a Plaintiff and cite the Federal Rules of Civil Procedure, but like the Letter-Petition, they fail to provide insight on his claims.

Before considering whether venue is proper in New Mexico, the Court will require Warren to clarify what claims he is raising in this case. If Warren challenges his criminal convictions and/or seeks a release from prison, he must file a habeas corpus petition. A petition under 28 U.S.C. § 2254 is the proper vehicle for challenging a conviction/sentence, while a petition under 28 U.S.C. § 2241 is the proper vehicle for challenging the execution of a sentence (*i.e.,* sentence calculations, parole, etc.). *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir.

1997) (distinguishing between the different types of habeas petitions).   If Warren wishes to sue

for money damages, he must file a civil rights complaint under 42 U.S.C. § 1983.   *See Brown v.*

*Buhman,* 822 F.3d 1151, 1161 n.9 (10th Cir. 2016) (Section 1983 is the remedial vehicle for raising

a civil rights violation).

The Court will mail Warren a blank § 2241 petition; a blank § 2254 petition; and a blank

civil rights complaint.   Warren must elect a remedy and file an amended pleading within thirty

(30) days of entry of this Order.   Any amendment must identify the Respondents or Defendants,

including the location of each party; raise specific claims; describe the factual basis for each claim;

and state the specific request for relief.   The amendment must also explain how the claims are

connected to the District of New Mexico and why Warren believes the claims should proceed in

this Court.   If Warren fails to timely amend in accordance with the above instructions, the Court

may dismiss this case without further notice.

As to the Discovery Motions, relief is not available at this time.   The Discovery Motions

are facially deficient, as they do not identify what discovery Warren seeks or who should produce

the documents aside from this Court.[1]   *See* Doc. 5 (asking this Court to "produce and disclose all

documents" without providing further detail); Doc. 6 (failing to specify documents for production).

In addition, prisoner petitions are excluded from pre-trial case management procedures, including

discovery obligations, under the Court's local rules.   *See* D.N.M. LR-Civ. 16.3(d); D.N.M. LR-

Civ. 26.3(a)(1).   This is because prisoners are generally not entitled to discovery unless and until

their petition/complaint survives the Court's initial review and states a cognizable claim for relief.

---

[1] A search in CM/ECF reflects that Charles Warren was not sentenced in this Court, nor has he filed other cases in the District of New Mexico.

*See* Habeas Corpus Rule 4 (requiring the Court to conduct a *sua sponte* review of habeas petitions before ordering any Respondent to answer); 28 U.S.C. § 1915A(b) (courts must screen all civil complaints where, as here, "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity"). For these reasons, the Court will deny the Discovery Motions without prejudice to refiling.

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Warren shall elect a remedy and file an amended pleading, as set forth above. The amended pleading must explain how the claims are connected to the District of New Mexico and why Warren believes the claims should proceed in this Court.

**IT IS FURTHER ORDERED** that Warren's Motions for Discovery and Initial Disclosures Under Fed. R. Civ. P. 26 and 34 (**Docs. 5, 6**) are **DENIED without prejudice**.

**IT IS FINALLY ORDERED** the Clerk's Office shall **MAIL** Warren a blank 28 U.S.C. § 2254 habeas petition; a blank 28 U.S.C. § 2241 habeas petition; and a blank civil rights complaint.

_____
UNITED STATES MAGISTRATE JUDGE